UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, # 255623, | ) C/A No. 4:09-1448-MBS-TER |
| *aka Jimmy G. Blakely,* | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| State of South Carolina, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This matter is before the Court on a *pro se* Petition filed by a prisoner seeking a writ of mandamus from this Court to a state of South Carolina court.[1] Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in the above-captioned case. This review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F. 3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Petitioner filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Entry 7). Petitioner's request to proceed *in forma pauperis* should be denied, and the Petition should be dismissed if he fails to timely pay the full $ 350.00 filing fee because Petitioner is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege, nor could his allegations be construed as showing, that he is under imminent danger of serious physical injury. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Petitioner, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, it must be noted that *all* civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A and may be summarily dismissed as frivolous, malicious, or if the initial pleading fails to state a claim on which relief may be granted, even those prisoner instituted lawsuits where the full filing fee is paid. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Petitioner is incarcerated at the Lee Correctional Institution, part of the South Carolina Department of Corrections prison system. Petitioner filed this mandamus action, claiming that his rights are being violated by the South Carolina state courts. Specifically, he asks this federal Court to direct the South Carolina Supreme Court to consider certain issues relating to alleged ineffective assistance of appellate counsel that he contends the state of South Carolina has refused to consider in his two post-conviction relief applications.

Petitioner is a frequent filer in the federal court system. It is judicially noticed that this prisoner-Petitioner has filed more than three (3) prior frivolous cases in this Court since 1997, *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records), and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action No. 0:98-885;

Civil Action No. 0:98-1085; Civil Action No. 0:98-1221; Civil Action No. 4:98-2252; Civil Action No. 0:98-2313; Civil Action No. 0:98-2468; Civil Action No. 0:98-2875; Civil Action No. 0:98-2978; and Civil Action 4:00-967.  In light of Petitioner's prior "strikes," he cannot proceed with the instant Petition *in forma pauperis* unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule.  *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998).  This Petition clearly does not fit within this exception as Petitioner does not allege that he is in imminent danger of serious physical injury and there are no allegations from which such a claim might be implied.  Therefore, to proceed any further with this case, Petitioner must pay the full filing fee.  Once again, Petitioner is placed on notice that even if he does pay the full filing fee, the case will still be subject to further review and may still be summarily dismissed if it is found to be frivolous, malicious, or if it is found to fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915, 1915A .

### Recommendation

Accordingly, it is recommended that Petitioner's motion to proceed *in forma pauperis* be denied. It is further recommended that Petitioner be given fifteen (15) days from the date the District Judge rules on this Report to pay the filing fee in full (currently $350).  If Petitioner fails to timely pay the filing fee, it is further recommended that the Petition be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 26, 2009
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).