IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James G. Blakely, #255623, aka Jimmy G. Blakely, | ) ) ) | C/A No. 4:09-1448-MBS |
| Petitioner, | ) ) ) | |
| vs. | ) ) | |
| State of South Carolina, | ) ) | **O R D E R** |
| Respondent. | ) ) ) | |

Petitioner James G. Blakely is an inmate in custody of the South Carolina Department of Corrections. He currently is incarcerated at the Lee Correctional Institution in Bishopville, South Carolina. Petitioner, proceeding pro se, filed the within petition for a writ of mandamus on June 5, 2009. Petitioner contends that he was entitled to a hearing on an issue raised in state court in an application for post-conviction relief (PCR), that being his claim that he was denied effective assistance of appellate counsel. Petitioner seeks to have the court order the State of South Carolina to grant his hearing. Petitioner further seeks to proceed in forma pauperis.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge reviewed the petition pursuant to 28 U.S.C. §§ 1915 and 1915A. On June 26, 2009, the Magistrate Judge filed a Report and Recommendation in which he noted that Petitioner has previously received three "strikes" under 28 U.S.C. § 1915(g). Under § 1915, a prisoner who has been "struck out" must show imminent danger of serious physical injury in order to proceed in forma pauperis. Accordingly, the Magistrate Judge recommended that Petitioner be given fifteen (15) days from the date the court ruled on the Report and Recommendation to pay his filing fee in full, or else

the within petition would be dismissed. Petitioner filed objections to the Report and Recomendation on July 16, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner first contends that he has not received three "strikes" under § 1915, because a dismissal without prejudice for failure to state a claim does not constitute a "strike." See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). However, contrary to Petitioner's contention, his first three strikes were assigned upon a ruling granting summary judgment on the merits in favor of the defendant(s). See Blakely v. Greenville County Detention Center, C/A No. 0:98-1221; Blakely v. South Carolina, C/A No. 0:98-1085; Blakely v. South Carolina C/A No. 0:98-885-MBS. Petitioner's objection is without merit.

Under § 1915(g), a prisoner who has received three "strikes" cannot bring a civil action in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." Petitioner has made no such allegation. The fact that Petitioner seeks a petition for writ of mandamus does not, in this case, allow him to proceed in forma pauperis. See, e.g. Tate v. Price, 2009 WL 1034965 (M.D. Ala. 2009) (noting that when claims are civil in nature, petition for writ of mandamus is governed by § 1915(g)); Strother v. McNeil, 2009 WL 928630 (N.D. Fla. April 3, 2009) (finding that

petition for writ of mandamus a "civil action" for purposes of § 1915(g)); <u>Banks v. Lappin</u>, 2008 WL 2874193 (D.D.C. July 25, 2008) (same); <u>Leos v. United States Government</u>, 2006 WL 722183 (E.D. Tex. March 16, 2006) (not reported) (same);

In any event, the court is without jurisdiction to order the South Carolina state courts to provide him with a hearing on his claim of ineffective assistance of counsel. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. <u>See</u> 28 U.S.C. § 1361; <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir.1969). Additionally, a federal district court may issue a writ of mandamus only against an employee or official of the United States. <u>See</u> <u>Moye v. DeKalb County Sup. Court</u>. 474 F.2d 1275, 1275-76 (5th Cir.1973) (stating that federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner is directed that within fifteen (15) days from the date of entry of this order he must pay his filing fee ($350.00) in full, or else the within petition will be dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 11, 2009.